agency decision. *Cf. Ping Chen v. U.S. Att'y Gen.,* 502 F.3d 73, 75 (2d Cir.2007) (per curiam). Thus, we refer to the motion as a motion to reopen.

Eric H. HOLDER Jr.,[1] Respondent.

No. 07–3028–ag.

United States Court of Appeals,
Second Circuit.

June 24, 2009.

Charles Christophe, New York, New York, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Ari Nazarov, Trial Attorney, Don G. Scroggin, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

De Ping Lin, a native and citizen of the People's Republic of China, seeks review of a June 19, 2007 order of the BIA denying his motion to reopen. *In re De Ping Lin*, No. A70 908 193 (B.I.A. June 19, 2007). We assume the parties' familiarity

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006).

As an initial matter, we do not have jurisdiction to review the BIA's decision not to reopen Lin's proceedings *sua sponte*, as that decision is entirely discretionary. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

## I. Motion to Rescind *In Absentia* Deportation Order [2]

█ The BIA did not abuse its discretion in denying Lin's motion to rescind his *in absentia* order of deportation. Lin, who filed his second motion to reopen approximately nine years after he was ordered deported *in absentia*, argues that the BIA improperly failed to rescind his deportation order because he adequately demonstrated that he did not receive notice of his hearing. However, as the Government argues, the BIA did not abuse its discretion when it declined to consider Lin's argument, where it had already considered and rejected that same argument in its March 2003 decision. *Cf. Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (finding no abuse of discretion where the BIA denies a motion to reconsider that merely repeats arguments that the BIA has previously rejected). Lin's assertion that the BIA violated his due process rights by failing to address his

notice argument fails for the same reason. *See id.*

## II. Motion to Reopen

█ Additionally, the BIA did not abuse its discretion in denying Lin's motion to reopen. Lin argues that his proceedings should have been reopened because he demonstrated changed circumstances sufficient to warrant an exception to the filing deadline for motions to reopen. He alleges that "[s]ince the BIA's initial, erroneous denial in 2002, conditions in China have worsened, especially with regard to the family planning policy." However, his brief does not indicate how the family planning policy has changed or how any such changes would affect his particular claims. Without making such a showing, Lin's claim is merely "speculative at best." *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

█ Nor did the BIA abuse its discretion in finding that Lin's pending relative petition did not constitute grounds for reopening his case, as the BIA properly found that he failed to meet the requirements set forth in *Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253 (BIA 2002). In that case, the BIA provided that a motion to reopen may be granted to allow an individual the opportunity to pursue an application for adjustment of status if, *inter alia*, the motion is timely filed and not numerically barred. *See id.* at 256. Lin's motion to reopen, however, was number-barred and untimely.

For the foregoing reasons, the petition for review is DENIED. As we have com-

---

2. Because the agency construed Lin's motion as comprising two distinct motions: a motion to rescind an *in absentia* removal order and a motion to reopen based on changed circumstances, we evaluate the petition in the same manner and review each motion under the applicable substantive standards. *See Alrefae*

*v. Chertoff*, 471 F.3d 353, 357 (2d Cir.2006) (treating a single motion that seeks both rescission of an *in absentia* removal order as well as reopening of removal proceedings based on new evidence as comprising distinct motions to rescind and to reopen).

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).